IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA D. AKUMA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1958-B-BN |
| | § | |
| DALLAS ISD, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Pamela D. Akuma filed a *pro se* complaint against Defendant Dallas

ISD seeking "back pay from 2017-present." Dkt. No. 1.

Akuma's lawsuit is now referred to the undersigned United States magistrate

judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Jane J. Boyle.

After reviewing the complaint, the undersigned questions whether there is

subject matter jurisdiction and, given the circumstances of this case, enters these

findings of fact, conclusions of law, and recommendation that the Court should

dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Akuma notice as to the jurisdictional

deficiencies. And the ability to file objections to the undersigned's recommendation

that this case be dismissed for lack of jurisdiction (further explained below) offers

Akuma an opportunity to establish (if possible) that the Court does indeed have

subject matter jurisdiction.

**Legal Standards**

"Jurisdiction is the power to say what the law is." *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

And "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

Federal courts must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Akuma chose to file this lawsuit in federal court and, by doing so, undertook the burden to establish federal jurisdiction. *See Butler v. Dall. Area Rapid Transit*,

762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))).

And, if Akuma does not establish federal jurisdiction, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Thus, because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In cases invoking jurisdiction under Section 1332, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b).

This amount "is determined by the amount of damages or the value of the

property that is the subject of the action." *Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

And, "[f]or diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). The United States Court of Appeals for the Fifth Circuit has therefore held "that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Under Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

The "'creation' test … accounts for the vast bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted). But

> "a federal court [is also] able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." That is to say, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."

*Perez v. Se. SNF, L.L.C.*, No. 21-50399, 2022 WL 987187, at *3 (5th Cir. Mar. 31, 2022) (per curiam) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), then *Gunn*, 568 U.S. at 258).

### Analysis

Akuma cites no basis for the Court's jurisdiction. But the complaint reflects that she resides in Texas. And she has sued a Texas municipality. So the only plausible basis is if the facts alleged raise a federal question.

While it appears that Akuma was employed by Dallas ISD, she does not allege a wrongful employment practice that may be actionable under a federal statute, such as discrimination under Title VII of the Civil Rights Act of 1964. Nor does she cite a federal statute. Instead, she seeks "back pay from 2017-present." Dkt. No. 1 at 2.

But Akuma fails to allege facts to show that such a claim in the context of this lawsuit is created by federal law or that her right to relief turns on a substantial question of federal law. So Akuma has not established a basis for jurisdiction under Section 1331.

## Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 15, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE